### EVA LOU WOLNER v. STATE DEPARTMENT OF SOCIAL SECURITY, DIVISION OF PUBLIC INSTITUTIONS, ANOKA STATE HOSPITAL.[1]

July 17, 1942.

No. 33,239.

[1]Reported in 5 N. W. (2d) 67.

*Herbert E. Wolner* and *Wyman Smith,* for relator.

*J. A. A. Burnquist,* Attorney General, *Victor H. Gran,* Assistant Attorney General, and *R. A. Woychick,* for respondent.

HOLT, JUSTICE.

*Certiorari* to review a decision of the industrial commission.

The facts are not in dispute. Relator, a high school graduate, at the age of 18 entered the employ of the state as a student nurse at the St. Peter State Hospital for the insane in September 1933. She was graduated as a nurse in 1936, and remained at that hospital until November 1937, when she was transferred to the Anoka State Hospital as head nurse in Cottage No. 7. On February 6, 1941, she obtained leave of absence. At the time of the hearing she was disabled from tuberculosis, contracted while in the service of the state. L. 1941, c. 479, was approved and took effect April 26, 1941. It placed employes of the state who had contracted or would thereafter contract tuberculosis under the workmen's compensation act. By § 4 thereof, employes suffering from tuberculosis so contracted may be placed by the industrial commission in some state or county sanatorium for treatment at the expense of the department of social security. "The Industrial Commission shall also order payment to such employee from the State Compensation Revolving Fund two-thirds of his salary during the period of his disability, not, however, to exceed 65 weeks." Relator's salary was $75 a month. Under that law the most that relator could claim is $750, for she testified that she refused to accept the benefit of treatment at a sanatorium. The same legislature that enacted c. 479, passed c. 537, approved April 28, 1941, appropriating money to different persons and for different purposes. Section 85 thereof reads:

"To compensate Eva Lou Wolner for disability suffered by reason of her contracting tuberculosis, in the line of duty, while employed at the Hastings State Hospital $960.00.

"The above amount of $960 is to be paid Eva Lou Wolner in 24 monthly payments of $40 each and the director of Public Institutions is hereby charged with the duty of delivering the warrants for payment."

When this proceeding was begun relator had already accepted warrants under c. 537, § 85. Relator claims that she is entitled to the benefits of both c. 479 and c. 537, § 85, and that they are not inconsistent.

The first assignment of error is that the commission erred in finding " 'that the Laws of Minnesota, 1941, Chapter 537, Section 85, made special reference to this petitioner [relator] as follows: "To compensate Eva Lou Wolner for disability suffered by reason of her contracting tuberculosis, in line of duty, while employed at the Hastings State Hospital $960.00." That in said law, the reference to Hastings State Hospital is erroneous, whereas it should have been either the St. Peter State Hospital or the Anoka State Hospital, or both' for the reason that the finding is not based upon relevant and material evidence."

We think this assignment is captious. Relator proved without objection that in her continuous employment by the state from September 1933 until her leave of absence February 6, 1941, she had never served at the State Hospital at Hastings. However, she nevertheless availed herself of the appropriation made by that section by accepting the monthly payments of $40 since May 1, 1941.

The second assignment of error challenges the finding " 'that Chapter 537, Section 85 and Chapter 479, Section 4, both of the laws for the State of Minnesota for 1941, are concerned with the same subject matter, and are a duplication one of the other' " as unwarranted by the evidence and as contrary to law. We think this is a conclusion of law rather than a finding of fact. It may not be stated in the most apt language. C. 537, § 85, no doubt refers to relator and proposes to compensate her in the sum of $960 for the tuberculosis she contracted while an employe of the state, and for that same tuberculosis so contracted, she, in this

proceeding, seeks to recover compensation under c. 479. There can be no doubt that the legislature did not intend to pay relator $960 in addition to what she might show herself entitled to recover under c. 479. Rather, the legislature proposed to settle relator's claim for compensation by paying her $40 a month for 24 months. The evidence shows that she has accepted that proposition by receiving $40 a month beginning May 1, 1941, and by declining to be treated at a state or county sanatorium.

The last assignment of error is in ruling that the " 'employer may receive credit as regards said payments of compensation for any payments made to said employee as provided for by Chapter 537, Section 85, Minnesota Laws of 1941,' " for the reason that the same is without support of proper findings and is contrary to law. This assignment of error might, perhaps, have been avoided if respondent, instead of denying relator's petition on information and belief, had pleaded as a defense that relator had accepted the compensation offered by c. 537, § 85, and had refused to receive treatment at a state or county sanatorium.

Relator agrees with respondent that when a special or particular law is enacted by the same legislature relative to a subject covered by the general law, the special or particular prevails over the general touching the same matters. Under the special enactment here, relator is entitled to receive $960, neither more nor less. It may therefore not be correct to credit upon the compensation awarded the payments made by respondent under § 85 until the award is paid in full. But the commission was not asked to correct the award so that in any event relator would receive the full sum appropriated, to-wit: $960, for the tuberculosis contracted from patients while in the state's employ as a nurse. So the award is affirmed without prejudice to an application to amend in conformity with this opinion.